CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, APPELLANT, v. HARRIET WELCH, APPELLEE.

FILED DECEMBER 17, 1908. No. 15,344.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Billingsley & Greene, M. A. Low, Paul E. Walker, Edward P. Holmes* and *G. L. De Lacy,* for appellant.

*Strode & Strode, contra.*

ROOT, J.

The parties to this action claim title from a common grantor, and this controversy involves much the same facts as those recited in the case of *Chicago, R. I. & P. R. Co. v. Welch, ante,* p. 106. The only difference in the cases is that after the village of Prairie Home was platted, and in March, 1892, the Foxes agreed in writing to convey all of their title to the then unsold lots in said village and

the land adjacent thereto which they then owned, provided they were paid some $5,000 according to the terms of said contract. This contract was foreclosed, and by virtue of a sheriff's deed and mesne conveyances title to the land in dispute in this action vested in defendant Harriet Welch. The contract recited "subject, however, to the easement of said railroad in its right of way." Defendant's deed was executed June 16, 1900, and recorded June 23 of said year, and she has occupied said premises since that date.

It is suggested that the recital in the contract from the Foxes to Erskine was sufficient notice to defendant of plaintiff's unrecorded deed. Had the Foxes conveyed by quitclaim deed, the grantee would have been protected in the circumstances of this case if a *bona fide* purchaser. *Schott v. Dosh,* 49 Neb. 187, 195. Defendant's rights are as secure under the contract referred to. Defendant has not been diligent in disclosing the circumstances surrounding the making of the deed to herself nor the consideration paid, but, after an inspection of the entire record, we feel justified in dealing with this case as if said defendant was a *bona fide* purchaser of said lots.

For the reasons stated in *Chicago, R. I. & P. R. Co. v. Welch, ante,* p. 106, heretofore referred to, as well as for those herein stated, the judgment of the district court was right and will be

AFFIRMED.